**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HILDA T. KENNEDY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ESQ CAPITAL III, LLC,<br><br>　　　　　Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-02268 (KMW-SAK)<br><br>**OPINION** |

APPEARANCES:

HILDA T. KENNEDY
2834 ATLANTIC AVE, APT 815
ATLANTIC CITY, NJ 08041

　　*Pro Se Plaintiff*

ANTHONY L. VELASQUEZ, ESQ.
FNA JERSEY LIEN SERVICES, LLC
1608 ROUTE 88, SUITE 330
P.O. BOX 1030
BRICK, NJ 08723

　　*Counsel for Defendant ESQ Capital III*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

Pro se plaintiff Hilda Kennedy ("Plaintiff") brings this action against ESQ Capital III, LLC ("Defendant") alleging that Defendant violated the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, the Fair Housing Act ("FHA") 42 U.S.C. § 3601 *et seq.*, the Civil Rights Act of 1866, and harassed and abused her on the basis of disability and age.

On April 24, 2023, Plaintiff filed her Complaint, (ECF No. 1). On September 22, 2023, Defendant filed their Motion to Dismiss, (ECF No. 10). On October 12, 2023, Plaintiff opposed, (ECF No. 13), and on October 16, 2023, Defendant replied, (ECF No. 14). Plaintiff then provided a supplement to her Complaint on March 21, 2024, (ECF No. 15). The next day, Defendant opposed Plaintiff's supplementation, (ECF No. 16). On March 31, 2024, Plaintiff responded, (ECF No. 17). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Plaintiff's request to Amend her Complaint, (ECF No. 15), is **DENIED**.[1]

## II. BACKGROUND

Plaintiff has been residing in her apartment since January of 2014. *See* Compl. ¶ 3. In September 2021, Plaintiff applied to the New Jersey Rental Assistance Program ("NJ ERAP") for rental assistance, and one month later in October 2021, Defendant acquired her building. *See* Compl. ¶¶ 4-5. Plaintiff refused to sign the new lease from Defendant. Compl. ¶ 6. In February of 2021, Defendant sued Plaintiff, alleging that Plaintiff was in arrears on her rent.[2] Compl. ¶ 8. Ultimately, Plaintiff did sign the lease and the matter was dismissed. Compl. ¶ 10. However,

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.
[2] This matter was in New Jersey State Court under ATL-L-924-22.

2

Defendant continued to seek payment from Plaintiff because the NJ ERAP payment went to the wrong place. Compl. ¶¶ 17-18. Plaintiff alleges that Defendant harassed her and her family regarding the rent, that Defendant falsely asserted several months in arrears that were paid, and that Defendant refused to fix their toilet. Compl. ¶¶ 23-26. Plaintiff alleges that Defendant initiated the lawsuit, as well as engaged in harassing behaviors surrounding Plaintiff's rental arrears and refusal to fix the toilet, due to her status as a disabled, elderly person, which has caused her significant distress and injury. Compl. ¶¶ 27-30.[3]

### III. LEGAL STANDARDS

#### A. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

---

[3] Issues regarding the toilet appear in her second New Jersey State Court case against ESQ Capital III, among others, under ATL-L-3015-23.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

A district court may consider allegations in the complaint; matters of public record, orders, and exhibits attached to the complaint are taken into consideration. *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 551 (D.N.J. 2013) (citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990)). Thus, generally, a district court cannot consider matters that are extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, courts may consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426). In this regard, it is critical to consider "whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## IV.   DISCUSSION[4]

Plaintiff's status as a *pro se* litigant is important in this matter for several reasons. First, the Court will address Defendant's request for this Court to convert their motion to dismiss to that of summary judgment pursuant to Rule 12(d). The rule provides: "[i]f, on a motion under Rule

---

[4] To the extent that Plaintiff intended to include Anthony L. Velasquez, Esq., as a defendant in this matter, the Court notes that there are no claims or counts against him in the original Complaint, nor did the caption include him, nor did Plaintiff's supplement seek to amend the Complaint to include him as a defendant. (The Court noting that Anthony L. Velasquez asserts in his supplemental certification, (ECF No. 16, ¶ 2), that he is a Defendant in this case). For the sake of completeness, the Court does not find any viable claims against Anthony L. Velasquez, Esq. in this action and any that could be so construed would fail Fed. R. Civ. P. Rule 8(a), thus it would be dismissed.

12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Third Circuit requires that both parties must have notice that the motion will be converted: "[n]otice must be 'unambiguous' and must 'fairly apprise' the parties that the court intends to convert the motion." *Koyi v. Borough of Tinton Falls*, No. 21-20353, 2023 WL 7195170 at *3 (D.N.J. Oct. 31, 2023) (quoting *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 184 F.3d 280, 288 (3d Cir. 1999). Further, the Court notes that generally, "[a] court should not convert a motion when little or no discovery has occurred." *Id.* at *4 n.3 (collecting cases).

The Third Circuit necessitates that courts apply procedural rules "flexibl[y]" because "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244, 58 V.I. 691 (3d Cir. 2013); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011)) (internal quotations omitted). Courts in this district are wary to convert a motion to dismiss pursuant to Rule 12(d) when it is unclear if there was sufficient notice. *See Koyi*, 2023 WL 7195170 at *3; *Yuratovich v. U.S. Dep't of Just.*, No. 13-5651, 2015 WL 8328328 at *4 (D.N.J. Dec. 8, 2015) (declining to convert defendants' motion to dismiss into one for summary judgment because of the Court's "concern[] with the adequacy of the notice" provided to the *pro se* plaintiff); *In re Rockefeller*, 184 F.3d at 288 (recommending that District Courts provide express notice when they intend to convert a motion to dismiss to avoid any ambiguity).

Here, the Court declines to convert Defendant's motion to dismiss as it is clear from Plaintiff's opposition that she did not recognize Defendant's request to convert, only addressing

5

the 12(b) standard. *See* Pl.'s Opp. to Def.'s Motion to Dismiss. Although Plaintiff responded to the motion and attempts to supplement the Amended Complaint with additional facts in later briefing, the Court notes that even where a plaintiff "offered facts in his opposition to summary judgment does not, by itself, constitute adequate notice." *Koyi*, 2023 WL 7195170 at *3. The Court believes that notice was at best ambiguous, and therefore the Complaint will be reviewed pursuant to Rule 12(b)(6).[5]

In this district, *pro se* complaints are to be liberally construed and "held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, this does not absolve a *pro se* plaintiff from complying with the Federal Rules of Civil Procedure. *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a *pro se* complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'"). Thus, even a *pro se* complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In the vein of holding *pro se* parties to the Federal Rules of Civil Procedure, the Court notes that Plaintiff attempts to amend her Complaint in a supplemental filing pursuant to Federal Rule of Civil Procedure 15, ("Rule 15"). Rule 15 governs the availability and timing for amending a complaint. *See* Fed. R. Civ. P. 15. Pursuant to Rule 15(a) a plaintiff may amend their pleading

---

[5] The Court is permitted to take judicial notice of matters of public record and can consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to one for summary judgment. *Schmidt*, 770 F.3d at 249 (citing *In re Burlington*, 114 F.3d at 1426). Thus, the Court will take into consideration those documents related to the public dockets of Plaintiff's state court cases without converting the motion.

6

once as a matter of course, but at all other times, a plaintiff must seek leave of the court to amend their complaint. *Id.* When considering a plaintiff's motion to amend, the Supreme Court has instructed that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court may deny leave to amend if it is being made in bad faith, for dilatory motive, undue delay, prejudice, or futility. *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). To assess whether amending a complaint is futile the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*

Here, pursuant to Rule 15, Plaintiff can only amend her Complaint by the Court's leave because her request to "supplement" her Complaint occurred beyond the 21 days where a party may amend their pleading as a matter of course after serving it or after service of a motion under Rule 12(b), and Defendant does not consent to her "supplement." *See* Fed. R. Civ. P. 15(a)(1)-(2).

The Court denies Plaintiff's request to amend her Complaint because as set forth below, any proposed amendment would be futile.

### A. *Res Judicata*[6]

Defendant asserts that *res judicata* applies to the claims before this Court. *Res judicata* prohibits a second court from considering claims or matters that should have been litigated in a

---

[6] As stated in *Lampon-Paz v. DOJ*, No. 16-9071, 2019 WL 2098831 at *3 n.3 (D.N.J. May 14, 2019), "Res judicata is an affirmative defense. *See* Fed. R. Civ. P. 8(c). Nevertheless, it may be considered on a motion to dismiss if its applicability can be determined from the face of the complaint and documents that are properly considered on a Rule 12(b)(6) motion. *See Ross v. Meyer*, 741 F. App'x 56, 59-60 (3d Cir. 2018) (*citing Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997))."

7

previous action. *Rodsan v. Borough of Tenafly*, No. 10-1923, 2011 WL 2621016 at *5 (D.N.J. Jun. 30, 2011). In other words, *res judicata* "bars a party from initiating a second suit against the same adversary based on the same cause of action as the first suit." *Dunhaney v. Atty. Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (internal citation and quotation omitted). This doctrine is important to prevent inconsistent decisions by multiple courts and to permit parties to be able to rely on the finality of an adjudication. *See Marmon Coal Co. v. Eckman*, 726 F.3d 387, 394 (3d Cir. 2013).

The Third Circuit has held that when a party asserts that a claim is barred by *res judicata*, "federal courts should apply the general rule that the preclusive effect of a judgment is determined by the preclusion law of the issuing court[.]" *Sutton v. Sutton*, 71 F. Supp. 2d 383, 389 (D.N.J. 1999) (quoting *Paramount Aviation Corp. v. Augusta*, 178 F.3d 132, 135-36 (3d Cir. 1997)). In this matter, the issuing court is the New Jersey state court, therefore New Jersey preclusion doctrines apply. *Id.* New Jersey has a three-part test to determine if *res judicata* applies:

> (1) the judgment in the prior action must be valid, final, and on the merits;
> (2) the parties in the later action must be identical to or in privity with those in the prior action; and
> (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

*Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124 N.J. 398, 412 (1991) (internal citation and quotation omitted). Because the parties in this action are the same as in the matter of ATL-L-924-22 and ATL-L-3015-23, the Court will explain in detail the two remaining parts of the *res judicata* test below.

The first part of the *res judicata* test focuses on the state of the prior action. The validity of a judgment turns on whether there was fraud or collusion that caused the outcome of the underlying case. *Morris v. Jones*, 329 U.S. 545, 550-51 (1947). For example, allegations that a

judge or prosecutors were bribed is sufficient to call into question the validity of a judgment. *See Palak v. BJ's Wholesale Club, Inc.*, No. 23-138, 2023 WL 3604647 at *5 (D.N.J. May 23, 2023).[7] The finality of a judgment relates to whether the underlying cases is ongoing before another court. For example, in New Jersey, where a court dismisses an action, (with the exception of a dismissal for lack of jurisdiction), it is considered an adjudication on the merits pursuant to New Jersey Court Rule 4:37(d). N.J.C.R. 4:37-2(d)[8]; *see also Feinsod v. Noon*, 261 N.J. Super. 82, 84 (N.J. Super. Ct. App. Div. 1992) (holding that dismissal with prejudice under Rule 4:23-5(a) constitute an adjudication on the merits for *res judicata* purposes). A judgment is considered rendered "on the merits" when a given court addresses the fundamental legal issues and facts of the case. In other words, if a suit was dismissed for "want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action," a party would not be barred from bringing another suit on the same issues. *Pasqua v. Cty. of Hunterdon*, No. 15-3501, 2017 WL 5667999 at *10 (D.N.J. Nov. 27, 2017) (*quoting Costello v. United States*, 365 U.S. 265, 286 (1961)).

The third prong of the *res judicata* test focuses on comparing the facts between the two contested cases. To determine whether a case is based on the same overall transaction that was the basis for a prior proceeding, the Court must determine whether the second matter is "essentially similar" to the underlying events of the first. *Rodsan*, 2011 WL 2621016 at *6 (quoting *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999). Simply put, the Court must determine "whether

---

[7] When a plaintiff believes the first court reached an "erroneous conclusion," they are not completely deprived of a second action, however the matter can only be corrected by direct review," (*i.e.* appealing to the state appellate court, which sits "above" the state trial court in review). *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398-99 (1981). "A judgment merely voidable . . . based upon an erroneous view of the law is not open to [a] collateral attack" (i.e. bringing a case from a state court to a federal district court, which is parallel or *collateral* to the state courts), "indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments[.]" *Id.*

[8] "Dismissal With Prejudice; Exceptions. Unless the order of dismissal otherwise specifies, a dismissal under R. 4:37-2(b) or (c) and any dismissal not specifically provided for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits." New Jersey Court Rule 43:7-2(d).

9

the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same[.]" *Id.* The third prong is fact focused, a claim may be barred by *res judicata* when the facts are sufficiently the same even if a party brings new legal theories or under different statutes. *Brightwell v. N.J. Dep't of Child. & Fms.*, No. 22-3016, 2023 WL 7986422 at *6 (D.N.J. Nov. 16, 2023).

Now, the Court must turn to the facts of ATL-L-924-22 and ATL-L-3015-23 and determine whether these two cases satisfy the first and third prongs of the *res judicata* test, as the Court has already noted that both Plaintiff and Defendant are parties in both cases.

The first prong requires the prior action be valid, final, and on the merits. While Plaintiff has ardently asserted that she believes the outcome of her state court matters are biased, (due to both a particular judge and systemic issues of how the New Jersey State Court is operated), that is not the same as the presence of fraud or collusion that caused the outcome of the underlying case. Plaintiff has not alleged fraud or collusion resulted in the outcomes in her state cases in her Complaint. With regard to finality and merits, both ATL-L-924-22 and ATL-L-3015-23 were dismissed with prejudice,[9] which satisfies the finality and merits requirements of *res judicata*. *See Velasquez v. Franz*, 123 N.J. 498, 507 (1991) ("A judgment of . . . dismissal with prejudice constitutes an adjudication on the merits 'as fully and completely as if the order had been entered after trial.'") (citation omitted); *see also* Restatement (Second) of Judgments, § 19 (1982) ("A

---

[9] *See* ATL-L-924-22 at LCV20222285297, Order flied June 16, 2022, dismissing Plaintiff's First Amended Complaint with prejudice and denying Plaintiff's Motion to Amend. Plaintiff's Motion for Reconsideration was also denied on July 22, 2022, at LCV20222699748, closing the case. Further, both Orders provided written discussion regarding Plaintiff's claims. *See also* ATL-L-3015-23 at LCV2024710031, Order filed March 19, 2024, dismissing Plaintiff's Complaint as to Defendant ESQ Capital III LLC with prejudice, and further denied Plaintiff's request to amend her Complaint on March 28, 2024, at LCV2024814462. The Court notes that this case, (ATL-L-3015-23), is ongoing as to the other named Defendants.

valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim.").

The third prong requires that the claims in the later action must grow out of the same transaction or occurrence as the claim in the earlier action. In ATL-L-924-22, Plaintiff's initial Complaint recites the exact same factual issues present in the current federal case: she disputes the alleged unconscionable lease and arrears that were imposed by Defendant despite Plaintiff seeking rental assistance that was provided during the height of the COVID-19 pandemic. LCV20221123945 filed on March 6, 2022, ¶¶ 8-38. She asserts the same allegations of harassment and intimidation based on disability. *Id.* ¶ 20. Plaintiff's initial complaint describe the same lease documents to support her claims. *Id.* ¶¶ 25-26. Although Plaintiff does not allege a Fair Housing Act violation or other federal claims in ATL-L-924-22, the facts are sufficiently similar even though Plaintiff identified new legal theories under different statutes in the instant matter. *Brightwell v. N.J. Dep't of Child. & Fms.*, No. 22-3016, 2023 WL 7986422 at *6 (D.N.J. Nov. 16, 2023).

In ATL-L-3015-23, Plaintiff asserts the same factual matter present here regarding the $900 toilet repair and her related injuries due to the leaking water, as well as fire alarm code violations. LCV20233318786, filed on October 30, 2023, ¶¶ 2, 5, 14-20, 23. She alleges that such disrepair was retaliation by Defendant against her for filing ATL-L-924-22, and due to her disability. *Id.* ¶¶ 54, 56, 68. To prove these claims, Plaintiff would require the production of the same exhibits as provided in ATL-L-3015-23. Additionally, Plaintiff submitted an amended complaint which has several copy-and-pasted, nearly exact, additional counts relating to the same contested maintenance issues and rent charges. For example, *compare* (ECF No. 15) at "TO ADD

11

COUNT A" *with* LCV2024684094 at "COUNT SIX"; *compare* (ECF No. 15) at "COUNT EE TO BE ADDED" *with* LCV2024684094 at "COUNT TWELVE."

Simply put, the acts complained of and the material facts in the instant case are the same as in Plaintiff's state cases. Plaintiff also relies on the same witnesses and documentation. Thus, the Court finds that the instant case is "essentially similar" to the underlying events of ATL-L-924-22 and ATL-L-3015-23. *See Rodsan*, 2011 WL 2621016 at *6 (quoting *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999). Therefore, *res judicata* applies to this case, and the Court must dismiss these claims.

### B. Plaintiff's "Supplement" Request

The Court has reviewed Plaintiff's request to supplement her complaint. (ECF No. 15). The Court notes Plaintiff's proposed amendments A-G relates solely to state law, asserting various landlord and tenant claims.[10] It is not enough for Plaintiff to list a litany of maintenance issues and assert that a delay in maintenance or a disagreement between her and her landlord about various charges to her account is based on discrimination without any additional factual support.

---

[10] To the extent that any of these claims could be construed as "new" issues temporally, (as some of Plaintiff's allegations are not dated or consistent with the narrative of alleged acts), her "new" allegations are all state law based. That fact is not altered by the inclusion of the alleged Fair Housing Act violation (as discussed below in n.9). Because a "district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary," *Jones v. Virtua Health, Inc.*, No. 15-5840, 2017 WL 77411 at *3 (D.N.J. Jan. 9, 2017) (quoting *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); and that pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction," and that "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction," *Schaffer v. Atl. Broad. of Lindwood NJ Ltd. Liab.*, No. 10-5449, 2011 WL 1884734 at *2 (D.N.J. May 17, 2011) (internal citations omitted), the Court would not exercise supplementary jurisdiction over any "new" claims stemming from Plaintiff's continued battle with her landlord even if *res judicata* did not apply. The Court must be mindful of the Supreme Court's instruction that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law," *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966).

For example, Amendment H asserts that Defendant filing an affidavit to dismiss the state case was "actionable under [the Fair Housing Act]." (ECF No. 15 ¶ 35).[11]

Moreover, "merely alleging federal violations will not transform state claims into federal claims. As stated in *Bell* [*v. Hood*, 327 U.S. 678, 682 (1945)], a claim may be dismissed on jurisdictional grounds where it is immaterial and made solely to attain jurisdiction." *Sutton*, 71 F. Supp. 2d at 391 (internal citation omitted). The Court finds that these additional claims Plaintiff alleges are "nothing more than another expression of plaintiff's continuing distress" over the same issues from her state case and "the state court's alleged failure to satisfactorily redress [her] complaints." *Id.* at 391-92. Therefore, the Court cannot permit Plaintiff to amend her federal complaint because the Court does not have jurisdiction over her additional claims due to the applicability of *res judicata*.

### C. Federal Rule of Civil Procedure 11 Sanctions

Federal Rule of Civil Procedure 11 ("Rule 11") grants district courts "the power to sanction abusive *pro se* litigants," but sanctions are "intended to be used only in 'exceptional'

---

[11] The Court notes that filing a landlord tenant claim against a disabled or otherwise protected person is not, on its face, a violation of the Fair Housing Act ("FHA"). The FHA prohibits housing discrimination based on race, color, religion, sex, familial status, national origin, or handicap. *See* 42 U.S.C. §§ 3601, *et seq.* To show unlawful discriminatory housing practices under the FHA, a plaintiff may bring a claim under three theories: disparate treatment, disparate impact, and failure to reasonably accommodate. *Berk v. Ritz Carlton Condo. Ass'n*, 23-cv-1877, 2024 WL 228414 at *12 (D.N.J. Jan. 22, 2024). A plaintiff can establish a claim of housing discrimination by showing that the challenged actions were motivated by intentional discrimination or that the actions had a discriminatory effect on a protected class, regardless of motivation. *Mitchell v. Walters*, No. 10-1061, 2010 WL 3614210 at *6 (D.N.J. Sept. 8, 2010). Plaintiff failed to demonstrate the applicability of the FHA here. For example, Plaintiff has not alleged that other non-disabled or younger tenants are receiving better treatment, nor has she shown that a policy exercised by Defendant has resulted in a disparate impact between disabled or aged tenants versus able bodied, younger tenants in her building. *Id.* Further, Plaintiff does not allege that Defendant made any specific remarks revealing impermissible, discriminatory animosity, nor does she allege that Defendant has a history or pattern of discriminatory behavior that would permit a reasonable inference of discrimination. *Id.* Plaintiff fails to allege any facts to connect the "new" issues she has with her landlord to any of the three theories of discriminatory housing practices. *See* (ECF No. 15 ¶¶ 35, 37-39). Therefore, these claims would be dismissed if Plaintiff were permitted to amend her Complaint, and thus amendment of the Complaint on these grounds would be futile.

circumstances." *Dinnerstein v. Burlington Cty. Coll.*, No. 13-5598, 2017 WL 5593776 at *8 (D.N.J. Nov. 21, 2017) (internal quotations omitted). Rule 11(b) provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Where a court determines that Rule 11(b) has been violated, a court may impose sanctions on any party that violated the Rule. *See* Fed. R. Civ. P. 11(c). The test to determine whether Rule 11 sanctions should be imposed is one of "reasonableness under the circumstances[.]" *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008).

Procedurally, a motion for sanctions must be made separately from any other motion. *See* Fed. R. Civ. P. 11(c)(2). Further, "before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the 'safe harbor' provision of Rule 11(c)(2)," where a party cannot file a motion for sanctions until it first presents the motion to the offending party and allows 21 days for the other party to withdraw or correct the challenged issue.

14

*McBride v. Twp. of Washington*, No. 19-171976, 2021 U.S. Dist. LEXIS 190121 at *3-4 (D.N.J. Sept. 30, 2021) (internal citations and quotations omitted)

Here, the Court does not believe that sanctions are appropriate at this time.[12] The Third Circuit has held that Rule 11 sanctions should only be imposed in the rare instances where the "evident frivolousness of a claim or motion amounts to an abuse [] of the legal system." *McBride v. Twp. of Washington*, No. 19-171976, 2021 U.S. Dist. LEXIS 190121 at *3 (D.N.J. Sept. 30, 2021) (internal citations and quotations omitted). In this case, a *pro se* litigant is attempting to assert claims in this venue because she believes the prior court impermissibly discriminated against her. The authority of various courts in relation to one another is often misunderstood by attorneys, let alone a *pro se* litigant.[13] However, the Court seeks to provide clarity here: the claims relating to Plaintiff's actions in New Jersey State Court from ATL-L-924-22 and ATL-L-3015-23 are barred by *res judicata*, which means that Plaintiff cannot bring those claims, as discussed above, again to Federal Court. If she chooses to bring these claims once more in another federal action, she may be subject to Rule 11 sanctions.[14]

---

[12] The Court notes that Defendant is arguing for $2,000 in sanctions from an individual who, as Defendant has inartfully pointed out several times over the course of briefing this matter, is indigent and struggling to make rent payments. Furthermore, while responding to *pro se* litigants can be a challenging task, the Court reminds Anthony L. Velasquez, Esq., as a member of the legal profession, of the expectation of referring to an opposing party in a professional manner, regardless of the circumstances or frustrations presented over the course of litigation.

[13] Federal courts are courts of limited jurisdiction and have the power to hear only those cases "within the bounds of Article III and the United States Constitution and Congressional enactments stemming therefrom." *College Sav. Bank. v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 948 F. Supp. 400, 406 (D.N.J. 1996) (internal citations and quotations omitted). Federal courts do not have the authority to review final judgements of state court matters. *Sutton v. Sutton*, 71 F. Supp. 2d 383, 390-91 (D.N.J. 1999). If Plaintiff believes that the state court judgement was wrong, she must champion that cause through the state court system to the state's supreme court, and only the Supreme Court of the United States could address a deficiency once that process has concluded. *Id.*; *see also* 28 U.S.C. § 1257.

[14] The Court acknowledges Plaintiff's efforts to care for herself and her family and notes her apparent frustration with the procedures and policies in place within the New Jersey state court system. However, this Court is bound by its jurisdictional limitations, the Federal Rules of Civil Procedure, and the precedent as discussed in this Opinion. Simply stated, this Court does not have the power or authority to address the Plaintiff's claims.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. Plaintiff's request to Amend her Complaint, (ECF No. 15), is **DENIED.** An order consistent with this Opinion that will be entered.

April 22, 2024

KAREN M. WILLIAMS, U.S.D.J.